IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OCWEN LOAN SERVING, LLC,
    Plaintiff

v.

ANDREW EZEKOYE, and
DOROTHY EZEKOYE,
    Defendants

## Memorandum and Order of Court

This is the latest chapter in the continuing saga of Andrew and Dorothy Ezekoye's quixotic attempt to forestall judgment in mortgage foreclosure indefinitely through evermore creative legal maneuvers in the state, federal and bankruptcy courts, but this chapter will meet with the same fate as the others - dismissal of the federal lawsuit.

Andrew and Dorothy Ezekoye were sued in the Court of Common Pleas of Allegheny County Pennsylvania by Ocwen Loan Service, LLC's, seeking to eject them from the residence owned by Ocwen, upon which they had obtained a final, binding and enforceable judgment in mortgage foreclosure. This Court is aware that Ocwen had a final, binding and enforceable judgment in mortgage foreclosure against the Ezekoyes because of its consideration of and rulings in numerous related cases, including several predicated on Andrew Ezekoye's removal of bankruptcy proceedings involving the same judgment in mortgage foreclosure.

On January 10, 2006, Dorothy Ezekoye filed a notice of removal of the ejectment action to this Court, *pro se*, pursuant to 28 U.S.C. § 1441, among other purported sources of this Court's jurisdiction, asserting various state and federal defenses to the complaint in ejectment. On February 13, 2006, defendants filed an answer and counterclaims to the complaint in ejectment, through counsel. Counsel has raised a number of defenses, including one federal

consumer protection statute, apparently unaware of the preclusive effect of many previous orders of this Court and other courts.  *See, e.g., In re Ezekoye*, 308 B.R. 738 (W.D.Pa. Bk.Ct. 2004), *aff'd Ezekoye v. Ocwen Federal Bank FSB*, Civil Action No. 04-1047 (October 5, 2004) (finding that Ezekoye's "piecemeal approach to appealing [to this Court] the Bankruptcy Court's decision in the Bankruptcy proceeding and in the adversary proceeding is frivolous and unnecessarily litigious, and is a waste of judicial and legal resources").

This Court lacks jurisdiction to address matters that have been finally litigated *ad nauseam*, which erect an insurmountable claim preclusive barrier to defendants' latest attempt to forestall the inevitable.  This Court will, therefore, *sua sponte* dismiss the removal action pursuant to 28 U.S.C. § 1447(c), and will remand to the Court of Common Pleas of Allegheny County.  While it probably would be appropriate to impose attorneys fees on the removing defendants pursuant to Fed.R.Civ.P. 11, the Court declines to do so and encourages plaintiff not to file a motion seeking such fees, because it has not really been put to any additional significant expense in this now-remanded removal proceeding.  The Court will not hesitate, however, to consider imposition of attorneys fees pursuant to Rule 11 in the future, if there are any more legal shenanigans perpetrated by the Ezekoyes, with or without counsel.

For the foregoing reasons, **IT IS HEREBY ORDERED** that this case is **DISMISSED with prejudice and REMANDED** to the Court of Common Pleas of Allegheny County Pennsylvania.  The Clerk of Court is directed to remand the record to the Court of Common Pleas of Allegheny County Pennsylvania, *forthwith*.

**SO ORDERED this 21st day of February, 2006.**

 **s/ Arthur J. Schwab**
Arthur J. Schwab
United States District Judge


cc:     All counsel of record as listed below

Dorothy Ezekoye
Andrew Ezekoye
120 Lynn Ann Drive
New Kensington, PA 15068

Linda A. Michler, Esquire
7228 Baptist Road, #175
Bethel Park, PA 15102

Stephen M. Otto
LaBrum & Doak
1818 Market Street
Suite 2900
Philadelphia, PA 19103